
FILED
GREAT FALLS
2012 JAN 4 AM 8 10
PATRICK E. DUFFY, CLERK
BY _____
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Cause No. CR 10-91-GF-SEH |
| | ) | CV 11-91-GF-SEH |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DENYING § 2255 MOTION |
| | ) | AND DENYING CERTIFICATE |
| NANCY ALLISON McCALL, | ) | OF APPEALABILITY |
| | ) | |
| Defendant. | ) | |

On December 22, 2011, Defendant Nancy Allison McCall moved to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. McCall is a federal prisoner proceeding pro se.

McCall asks that her sentence be altered to run concurrently with the sentence she was serving in the State of Florida at the time she was writted out of custody there to be prosecuted in this Court. The conduct underlying her prosecution in this Court occurred at a Federal Credit Union here in Montana. The conduct underlying her Florida sentences was not taken into account in the calculation of her advisory

1

guideline range or – except as part of an extraordinarily long history of criminal fraud – to the final determination of her sentence under 18 U.S.C. § 3553. *See* Presentence Report ¶¶ 9-13; Offer of Proof (doc. 15) at 2-4. She was not entitled to a concurrent sentence under U.S.S.G. § 5G1.3 or any other authority.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2255 Proceedings. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Here, McCall simply is not entitled to a concurrent sentence. Reasonable jurists would find no factual basis to disagree. A COA is not warranted.

**ORDERED**:

1. McCall's motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 (doc. 38) is DENIED;

2. A certificate of appealability is DENIED. The Clerk of Court shall

immediately process the appeal if McCall files a Notice of Appeal;

3. The Clerk of Court shall ensure that all pending motions in this case and in CV 11-91-GF-SEH are terminated and shall close the civil file by entering judgment in favor of the United States and against McCall.

DATED this 3rd day of January, 2012.

Sam E. Haddon
United States District Court